1 | Eileen M. Bissen, State Bar No. 245821
NEYHART, ANDERSON, FLYNN & GROSBOLL
2 | 369 Pine Street, Suite 800
San Francisco, CA 94104-3323
3 | Tel. (415) 677-9440
Fax (415) 677-9445
4 | Email: ebissen@neyhartlaw.com

5 | **Attorneys for Plaintiffs**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES OF THE BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND, PACIFIC COAST ROOFERS PENSION PLAN, EAST BAY / NORTH BAY ROOFERS VACATION TRUST FUNDS, BAY AREA COUNTIES ROOFING INDUSTRY PROMOTION FUND, BAY AREA COUNTIES ROOFING INDUSTRY APPRENTICESHIP TRAINING FUND; DOUG ZIEGLER, TRUSTEE,

Plaintiffs,

v.

GEORGE L. FAJARDO, individually and doing business as AMERICAN EAGLE ENVIRONMENTAL;

Defendant.

Case No. 13-cv-1519 NC

**STIPULATION FOR CONTINGENT ORDER OF DISMISSAL & [PROPOSED] CONTINGENT ORDER OF DISMISSAL**

Plaintiffs BOARD OF TRUSTEES OF THE BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND, PACIFIC COAST ROOFERS PENSION PLAN, EAST BAY / NORTH BAY ROOFERS VACATION TRUST FUNDS, BAY AREA COUNTIES ROOFING INDUSTRY PROMOTION FUND, BAY AREA COUNTIES ROOFING INDUSTRY

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

APPRENTICESHIP TRAINING FUND; and DOUG ZIEGLER, TRUSTEE ("Plaintiffs"), and

Defendant GEORGE L. FAJARDO, individually and doing business as AMERICAN EAGLE

ENVIRONMENTAL ("Defendant"), hereafter referred to collectively as "the Parties", hereby

stipulate as follows:

       1.     The parties have reached agreement to settle this case under the terms and

conditions specified in the Settlement Agreement, attached hereto as Exhibit A.

       2.     The settlement involves a payment plan over twelve (12) consecutive months.

       3.     If the settlement payments are not made in a timely fashion or if the Settlement

Agreement is otherwise breached, Plaintiffs can file the Stipulation for Entry of Judgment attached

hereto as Exhibit B. The Court shall then Order the Entry of Judgment. Plaintiffs have agreed not

to file the Stipulation for Entry of Judgment if the Settlement Agreement is complied with in full.

       4.     The parties agree that Plaintiffs may reopen the matter on or before October 15,

2014, if Plaintiffs certify to the Court that the consideration has not been paid or other terms and

conditions of the Settlement Agreement have not been complied with. At that time, Plaintiffs may

file the parties' Stipulation for Entry of Judgment.

       **IT IS SO STIPULATED.**

Dated: October 2 5, 2013              Respectfully submitted,

                                 NEYHART, ANDERSON, FLYNN &
                                 GROSBOLL, APC

                                 By: _____
                                     Eileen M. Bissen
                                     Attorneys for Plaintiffs

STIPULATION FOR CONTINGENT ORDER OF DISMISSAL &
[PROPOSED] CONTINGENT ORDER OF DISMISSAL
CASE NO. 13-cv-1519 NC

2

Dated: October ___, 2013

Respectfully submitted,

THE REICH LAW FIRM

By: _____

Shane Reich

Attorneys for Defendant

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

STIPULATION FOR CONTINGENT ORDER OF DISMISSAL &
[PROPOSED] CONTINGENT ORDER OF DISMISSAL
CASE NO. 13-cv-1519 NC

3

[PROPOSED] ORDER

The parties hereto, having advised the Court that they have agreed to a settlement of this action,

IT IS HEREBY ORDERED that this action is dismissed, provided, however, that if Plaintiffs certify to this Court, on or before October 15, 2014, with proof of service thereon on the Defendant and/or its counsel, that Defendant has failed to comply with the agreed-upon settlement terms, this action shall be restored to the calendar and Plaintiffs can file the parties' Stipulation for Entry of Judgment. Judgment will then be entered.

**IT IS SO ORDERED.**

Dated:  October 29, 2013



HONORABLE                    COUSINS
                                    Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IT IS SO ORDERED
AS MODIFIED

Judge Nathanael M. Cousins

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

STIPULATION FOR CONTINGENT ORDER OF DISMISSAL &
[PROPOSED] CONTINGENT ORDER OF DISMISSAL
CASE NO. 13-cv-1519 NC
4

# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into between GEORGE L. FAJARDO, individually and doing business as AMERICAN EAGLE ENVIRONMENTAL (hereafter "Fajardo" or "Defendant") and the BOARD OF TRUSTEES OF THE BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND, PACIFIC COAST ROOFERS PENSION PLAN, EAST BAY / NORTH BAY ROOFERS VACATION TRUST FUNDS, BAY AREA COUNTIES ROOFING INDUSTRY PROMOTION FUND, BAY AREA COUNTIES ROOFING INDUSTRY APPRENTICESHIP TRAINING FUND; and DOUG ZIEGLER, TRUSTEE (collectively referenced herein as "Plaintiffs" or "Trust Funds"), by and through their counsel, Eileen M. Bissen of Neyhart, Anderson, Flynn & Grosboll, APC. Fajardo, Plaintiffs and the Trust Funds may be referred to individually as "Party" or jointly as the "Parties."

1. FACTUAL RECITALS

    1.1    This Agreement is entered into with reference to the following facts:

        (a)    A dispute has arisen between the parties regarding Fajardo's obligations pursuant to a collective bargaining agreement with the Roofers Local Union No. 81 Area Trust Funds, regarding Defendant's liability for any unpaid contributions to the Trust Funds for the period of July 1, 2011 through September 30, 2011.

        (b)    Plaintiffs have filed an action against Fajardo in the United States District Court for the Northern District of California (*Board of Trustees of the Bay Area Roofers Health & Welfare Trust Fund, et al v. Fajardo*, Case No. 13-cv-01519-NC), alleging Fajardo violated the Employee Retirement Income Security Act (ERISA).

        (c)    On or about August 28, 2013, Plaintiffs filed their Motion for Default Judgment against Fajardo. That Motion seeks a total of $19,143.11 in fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs against Fajardo.

        (d)    The Parties to this Agreement desire finally to compromise and settle the aforementioned case. Each Party agrees that this settlement is a compromise of disputed claims raised in the aforementioned case.

        (f)    The Parties are entering into this Agreement for the sole purpose of avoiding the vexation, uncertainties, and expense of litigation.

    1.2    In order to resolve finally the aforementioned lawsuit, and in consideration of the promises contained in this Agreement, the Parties agree as follows:

2.    Compliance Terms. Fajardo agrees to cooperate fully with the extended audit of it, to be conducted by Compliance Audit Services (or another auditor, as the Trust Funds deem

necessary), for the audit time period through July 31, 2013. Cooperation means providing the auditor with all the paperwork necessary for the completion of the audit including, but not limited to, DE-9's, payroll registers, time cards, job names and locations, and whatever other information is deemed necessary by the auditor to the extent Fajardo is obligated to provide that other information pursuant to his contracts with Plaintiffs. In the event Fajardo is deemed to be unjustifiably uncooperative with the audit, Plaintiffs, by and through their counsel, will send Defendant and/or his counsel a letter explaining which documents that remain outstanding. Defendant shall have ten (10) days from the date of that letter to comply in full with reasonable and proper requests. Should Defendant fail to comply with reasonable audit requests to the best of Defendant's ability, it will be deemed to have breached this agreement. (See, paragraph 5, herein.)

3.    <u>Payment Terms</u>.  Fajardo agrees to make settlement payments totaling $15,665.60 to Plaintiffs as outlined below:

    a.  Fajardo hereby agrees to pay $1,305.50, made payable to "the Bay Area Roofers Trust Funds", so that it is received on or before <u>October 28, 2013</u>. That payment should be mailed or delivered to the address below, so that it is received no later than the due date.

    b.  Thereafter, Fajardo hereby agrees to pay $1,305.50 per month, on or before the 15th day of each month, starting November 15, 2013, made payable to "the Bay Area Roofers Trust Funds", until the sum of $15,665.60 is paid in full. Each payment should be mailed or delivered to the address below, so that it is received on or before the date it is due:

    Neyhart, Anderson, Flynn & Grosboll, APC
    c/o Eileen M. Bissen, Esq.
    369 Pine Street, Suite 800
    San Francisco, CA 94104-3323

    c.  Pursuant to this Agreement, payments should be made as follows:

| Payment # | Due Date | Payment Due |
|---|---|---|
| 1 | 10/28/2013 | $1,305.50 |
| 2 | 11/15/2013 | $1,305.50 |
| 3 | 12/15/2013 | $1,305.50 |
| 4 | 1/15/2014 | $1,305.50 |
| 5 | 2/15/2014 | $1,305.50 |
| 6 | 3/15/2014 | $1,305.50 |
| 7 | 4/15/2014 | $1,305.50 |
| 8 | 5/15/2014 | $1,305.50 |
| 9 | 6/15/2014 | $1,305.50 |
| 10 | 7/15/2014 | $1,305.50 |
| 11 | 8/15/2014 | $1,305.50 |

| 12 | 9/15/2014 | $1,305.10 |
|---|---|---|
|  |  |  |
| Total |  | $15,665.60 |

    d.   There shall be no penalty assessed against Defendant in the event it makes the above-referenced payments before they are due, as defined herein.

    e.   In the event any payment is not timely submitted by Fajardo it shall be considered a default.  Fajardo can cure the default by making the required payment within seven (7) calendar days of the payment due date, as defined in subsection 2(c), herein.

4.    <u>Stipulated Judgment</u>.  Fajardo agrees to execute a stipulated judgment against it for the full sum owed to Plaintiffs minus any and all amounts already paid pursuant to this Agreement. Plaintiffs agree not to seek to enforce the judgment for any unpaid Settlement Amount against Fajardo unless and until Fajardo breaches this Agreement.

5.    If Fajardo complies with the terms of this settlement agreement, Plaintiffs will not seek the additional liquidated damages, fees, interest, costs, or other damages associated with the underreported contributions identified in the audit  and the subject of the pending lawsuit.  Plaintiffs further agree to allocate the payments under this settlement agreement to contributions before they are allocated to liquidated damages, interest, fees or costs, and said contributions will be allocated to the appropriate union and/or trust fund. Fajardo shall not be obligated to pay contributions to both Locals (Local Union #40 and Local Union #81) for the same work performed by the same worker (e.g., if any given worker was a member of Local Union #40 instead of Local Union #81, Fajardo will not be billed again by Local Union #40 for the same work he is paying for under this settlement agreement).  The foregoing language does not limit Plaintiffs' rights to pursue unpaid contributions and associated liquidated damages, interest, fees and costs for time periods not subject to the present audit, should Plaintiffs, by and through an auditor or agent, find that they are owed additional contributions.

6.    <u>Dismissal of Action</u>.  In consideration for the foregoing, Plaintiffs and their counsel agree to dismiss their pending lawsuit against Fajardo (*Board of Trustees of the Bay Area Roofers Health & Welfare Trust Fund, et al v. Fajardo*, Case No. 13-cv-01519-NC) within fourteen (14) days of the effective date of this Agreement.

7.    <u>Breach of Agreement</u>.  Failure by Fajardo to cure a default within the time allowed, as specified in subsection 2(e), herein, shall constitute a breach of this agreement.  Failure by Fajardo to cooperate fully with the audit, as defined in section 2, herein, shall also constitute a breach of this agreement.

8.    <u>Enforcement of Agreement</u>.   In the event a dispute arises over the interpretation, application or enforcement of this Agreement, the prevailing Party shall be entitled to an award of reasonable attorneys' fees and costs in addition to any other relief the prevailing party is entitled to.

9.   Execution of Documents.  Each Party agrees to take all steps necessary, and to execute whatever documents may be necessary, to complete and consummate this Agreement.

10.  Authority.  Each Party and its respective counsel represents to the other Party that it has the authority to execute this Agreement and to release the claims, demands and causes of action which are purported to be released herein.

11.  Titles and Captions.  The titles of various articles and sections of this Agreement are used for convenience of reference only, and are not intended to and shall not in any way enlarge or diminish the rights or obligations of the Parties or affect the meaning or construction of the Agreement.

12.  Severability.  If any provision of this Agreement or its application to any Party or circumstance is held invalid or unenforceable, the remaining provisions of this Agreement and the application of such provisions to other parties or circumstances shall not be affected thereby, the provisions of this Agreement being severable in any such instance.

13.  Sole Agreement.  This Agreement contains the entire agreement between the Parties hereto with respect to the subject matter hereof.  The terms of this Agreement are contractual and not a mere recital.  This Agreement is executed without reliance upon any promise, warranty or representation by any Party or any representative of any Party other than those expressly contained herein.

14.  Amendments.  This Agreement may not be altered or amended except by an instrument in writing executed by the Parties to this Agreement.

15.  Counterparts.  This Agreement may be executed in counterparts.

16.  Effective Date.  The effective date of this Agreement is the latest date on which this Agreement is signed by the parties.

Dated: 10/25/2013          GEORGE L. FAJARDO, individually and dba
                           AMERICAN EAGLE ENVIRONMENTAL

                           By: _____
                               George L. Fajardo

NEYHART, ANDERSON, FLYNN & GROSBOLL

Dated: 10/27/2012

By:

Eileen M. Bissen
Attorneys for Plaintiffs

**EXHIBIT B**

1    Eileen M. Bissen, State Bar No. 245821
     NEYHART, ANDERSON, FLYNN & GROSBOLL
2    369 Pine Street, Suite 800
     San Francisco, CA  94104-3323
3    Tel.    (415) 677-9440
     Fax    (415) 677-9445
4    Email: ebissen@neyhartlaw.com

5    **Attorneys for Plaintiffs**

6

7

8                 UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10    BOARD OF TRUSTEES OF THE BAY       Case No.    13-cv-1519 NC
     AREA ROOFERS HEALTH & WELFARE
11    TRUST FUND, PACIFIC COAST           **STIPULATION FOR ENTRY OF**
     ROOFERS PENSION PLAN, EAST BAY /     **JUDGMENT & [PROPOSED] ORDER**
12    NORTH BAY ROOFERS VACATION       **ENTERING JUDGMENT AGAINST**
     TRUST FUNDS, BAY AREA COUNTIES     **DEFENDANT GEORGE L. FAJARDO,**
13    ROOFING INDUSTRY PROMOTION      **individually and doing business as**
     FUND, BAY AREA COUNTIES ROOFING   **AMERICAN EAGLE**
14    INDUSTRY APPRENTICESHIP TRAINING   **ENVIRONMENTAL**
     FUND; DOUG ZIEGLER, TRUSTEE,
15

16                          Plaintiffs,
17    v.

18    GEORGE L. FAJARDO, individually and
     doing business as AMERICAN EAGLE
19    ENVIRONMENTAL;

20                         Defendant.

21

22        IT IS HEREBY STIPULATED by and between Plaintiffs BOARD OF TRUSTEES OF

23    THE BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND, PACIFIC COAST

24    ROOFERS PENSION PLAN, EAST BAY / NORTH BAY ROOFERS VACATION TRUST

25    FUNDS, BAY AREA COUNTIES ROOFING INDUSTRY PROMOTION FUND, BAY AREA

26

27              STIPULATION FOR ENTRY OF JUDGMENT & [PROPOSED] ORDER
                                  Case No. 13-cv-1519 NC
28                                             1

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

1  COUNTIES ROOFING INDUSTRY APPRENTICESHIP TRAINING FUND; DOUG ZIEGLER,

2  TRUSTEE (hereafter "Plaintiffs") and Defendant GEORGE L. FAJARDO, individually and doing

3  business as AMERICAN EAGLE ENVIRONMENTAL (hereafter "Defendant") that judgment in

4  the above-entitled case be entered in favor of Plaintiffs against Defendant GEORGE L.

5  FAJARDO, individually and doing business as AMERICAN EAGLE ENVIRONMENTAL, in the

6  amount of $19,143.11, less any and all payments already made pursuant to the parties' Settlement

7

8  Agreement.

9      **IT IS SO STIPULATED.**

10                                 Respectfully Submitted,

11

12  Dated: 10/25/2013            NEYHART, ANDERSON, FLYNN & GROSBOLL

13

14                        By: _____

15                              Eileen M. Bissen
                               Attorney for Plaintiffs

16

17  Dated: 10/26/2013            THE REICH LAW FIRM

18

19                        By: _____

20                              Shane Reich
                               Attorneys for Defendant

21

22

23

24

25

26

27

28

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

[PROPOSED] ORDER

IT IS HEREBY ORDERED that Judgment be entered in the above-entitled cause in favor of Plaintiffs against Defendant GEORGE L. FAJARDO, individually and doing business as AMERICAN EAGLE ENVIRONMENTAL in the sum of $_____.

**IT IS SO ORDERED.**

Dated: _____                    _____
                                            HONORABLE NATHANAEL COUSINS
                                            U.S. District Court Magistrate Judge

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

STIPULATION FOR ENTRY OF JUDGMENT & [PROPOSED] ORDER
Case No. 13-cv-1519 NC
3

CERTIFICATE OF SERVICE

I, Eileen M. Bissen, declare:

I am employed in the City and County of San Francisco in the State of California.  I am over the age of eighteen years and not a party to the present action.  My business address is Neyhart, Anderson, Flynn & Grosboll, APC, located at 369 Pine Street, Suite 800 in San Francisco, CA 94104.

On October 27, 2013, I served the following documents:

**STIPULATION FOR CONTINGENT ORDER OF DISMISSAL &
[PROPOSED] CONTINGENT ORDER OF DISMISSAL**

by regular UNITED STATES MAIL by placing a true and correct copy in a sealed envelope addressed as shown below.  I am readily familiar with the practice of Neyhart, Anderson, Flynn & Grosboll, APC for collection and processing of correspondence for mailing.  According to that practice, items are deposited with the United States Postal Service at San Francisco, California on the same day with postage thereon fully prepaid.

Shane Reich, Esq.
Pleasanton Office:
5700 Stoneridge Mall Road
Suite 370
Pleasanton, CA 94588

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATE: October 27, 2013

EILEEN M. BISSEN

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

DECLARATION OF EILEEN M. BISSEN
CASE NO. 13-cv-1519
3